ORIGINAL

FILED
OCT 27 2006
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

06-733 C

AEROPLATE CORP.

Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, an agency of the UNITED STATES OF AMERICA,

Defendant.

USCFC CASE NO.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF: DECLARATION OF WILLIAM L. BRUCKNER; DECLARATION OF MARY WILLIAMS
(BID PROTEST)

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction in this post-award bid protest matter pursuant to 28 U.S.C. § 1491 (b). In accordance with USCFC General Rule No. 65, Plaintiff provided notice of this bid protest by facsimile to the Department of Justice on October 20, 2006, the Clerk of the USCFC on October 20, 2006, the Contracting Officer on October 20, 2006 and Randolph Construction Services ("RANDOLPH") on October 20, 2006. *Attachment A*. Said notice was also sent via UPS to the DOJ, USCFC, the Contracting Officer and RANDOLPH on October 20, 2006, for delivery the next business day. *Declaration of William L. Bruckner.*

2. Plaintiff Aeroplate Corp. ("AEROPLATE") is, and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the states of California.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the United States Department of Agriculture ("USDOA"), which is, and at all times herein mentioned was, an agency of the United States.

4. On or about May 19, 2006, the USDOA issued a Request for Proposal for Solicitation No. AG-04GG-S-06-0024, requesting proposals for "Full & Open" competition for a "best value" negotiated procurement for Lava Lands Visitor Center Remodel & Addition,

Newberry National Volcanic Monument-Lava Lands Visitor Center, Bend, Oregon. (hereinafter the "SOLICITATION.

5. Proposals were to be evaluated on the basis that: (1) Past Performance & (2) Technical Capability technical factors are of equal importance with (3) Proposed Timeline/Schedule being slightly less important. The technical evaluation factors "are approximately equal to cost or price."

6. According to the USDOA only two proposals were received. AEROPLATE and, apparently RANDOLPH submitted proposals. AEROPLATE's initial price for base plus all options was $1,101,690.00. After discussions AEROPLATE's price was reduced to $889,364.00. RANDOLPH's final price after discussions was $898,200.00. Allegedly, after a period of evaluation of said proposals, and even though AEROPLATE's proposal was approximately $8,836.00 lower that the RANDOLPH proposal, RANDOLPH was awarded the SOLICITATION on or before September 19, 2006. AEROPLATE received the notice of award on or about September 25, 2006 and immediately requested a formal debriefing.

7. AEROPLATE timely requested a debriefing by letter dated September 25, 2006 and by facsimile dated September 29, 2006. AEROPLATE was "debriefed" by certified letter dated October 2, 2006, received by the post office on October 10, 2006 and by AEROPLATE on October 18, 2006. AEROPLATE made phone calls to the USDOA on October 6 & 11, 2006, leaving voice messages on the USDOA voice mail for Jeanette Young and Ben McGrane, requesting an oral debriefing. The USDOA did not return any of AEROPLATE's phone calls.

8. The USDOA's "debriefing" letter of October 2, 2006 indicates that AEROPLATE and RANDOLOPH were rated "Good" in all areas of the "technical factors" except Past Performance, where RANDOLPH is listed as "Good" and AEROPLATE listed as "Acceptable". The letter indicates that both proposals were considered acceptable but RANDOLPH had a "technically superior" proposal. Under the Technical section both AEROPLATE and RANDOLPH were rated the same, "Good".

9. Under 48 C.F.R. 15.506 the contracting officer should normally chair any debriefing. No debriefing was held and, even if the October 2, 2006 letter complies with the minimum requirements of 48 C.F.R. 15.506 the contracting officer did not sign the letter to AEROPLATE. Under 48 C.F.R. 15.506 AEROPLATE has a right to know issues related to past performance. No information was provided.

10. Clearly the reason given for the selection of RANDOLPH, a technically superior proposal, was not true. According to the letter both RANDOLPH and AEROPLATE submitted equal proposals that were technically "Good" and thereby equal. Under the Past Performance evaluation RANDOLPH and AEROPLATE were rated differently but that difference was not significant enough to make a difference in the evaluation. Secondly, AEROPLATE has discussed the evaluation of each project listed under the Past Performance section of its proposal and each contracting officer has given AEROPLATE an "Outstanding" or "Exceptional".

11. USDOA's departure from the stated criteria for evaluation, *inter alia*, considered in awarding the SOLICITATION to RANDOLPH, make it clear that the USDOA conducted an evaluation that departed from the basis for evaluation called out in SECTION M—EVALUATION FACTORS FOR AWARD, thereby depriving AEROPLATE of a fair opportunity to compete, and also of recognition that AEROPLATE was the SOLICITATION's "best value" and award of the Contract. It is clear that the USDOA selected RANDOLPH as a better value only when examined in light of a basis which is different than set forth in the SOLICITATION. As there was not a reasonable basis for the decision to award to RANDOLPH, the USDOA acted outside the discretion entrusted to them and pertinent statutes or regulations were violated.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ISSUE A JUDGMENT:

1. Directing the USDOA with a Injunction to not issue to RANDOLPH a Notice to Proceed on the CONTRACT pending a Judgment on AEROPLATE's Complaint;

2. In the alternative, if RANDOLPH has already been issued a NTP, direct the USDOA to suspend all work on the Contract pending a Judgment on AEROPLATE's Complaint;
3. Declaring that the Government's solicitation evaluation process departed from the basis for evaluation of bids called out in the SOLICITATION, was improperly conducted and set aside the award to RANDOLPH;
4. Direct the USDOA to evaluate the proposals submitted by AEROPLATE and RANDOLPH in accordance with stated basis in the SOLICITATION;
5. Ordering the Government to pay AEROPLATE's costs and attorneys fees of this action; and
6. Granting such other and further relief as this Court may deem just and proper.

Dated: October 25, 2006

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
Bill@BrucknerWalker.com

Attorneys for Plaintiff
Aeroplate Corp.