**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **AEROPLATE CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-733C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S NOTICE OF CONTRACT TERMINATION**
**AND MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiff Aeroplate Corporation ("Aeroplate") for lack of subject matter jurisdiction. Because the award decision protested by Aeroplate has been cancelled, this bid protest is now moot. In support of this motion, we rely upon the complaint, the following brief, and the appendix attached to this brief.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUE**

Whether the Court should dismiss plaintiff's post-award protest challenging the award of contract AG-04GG-C-06-0043 (the "contract") to Randolph Construction Services ("Randolph") where the United States Department of Agriculture ("USDA" or "agency") has cancelled the agency's contract award decision and terminated the contract for the convenience of the Government.

## STATEMENT OF THE CASE[1]

### 1. Nature Of The Case

Pursuant to 28 U.S.C. § 1491(b), Aeroplate filed this bid protest to obtain temporary and injunctive relief. Comp. ¶ 1. Specifically, Aeroplate has alleged that USDA improperly evaluated a bid proposal that was submitted by Aeroplate and, thereby, improperly awarded a contract to Randolph. Compl. ¶ 11. Aeroplate's complaint requests that the Court: (1) suspend all work upon the awarded contract; and (2) direct USDA "to evaluate the proposals submitted by Aeroplate and Randolph in accordance with . . . the [agency's] solicitation." Compl. at 3-4. Aeroplate's protest became moot when the agency took corrective action.

### 2. Statement Of Facts

On May 19, 2006, USDA issued a request for proposal ("RFP"). Compl. ¶ 4. The RFP notified potential offerors that the agency would be conducting a best-value negotiated procurement for remodeling work at the Lava Land Visitor Center, Newberry National Volcanic Monument-Lava Lands Visitor Center, Bend, Oregon. Compl. ¶ 4. USDA received two proposals that the agency

---

[1] We respectfully submit this motion in lieu of filing the contemplated joint stipulation of dismissal. Although Aeroplate has advised us that it would be amenable to filing a joint motion to dismiss this litigation, Aeroplate also indicated that it would not agree to the mutual stipulation that the parties would bear their own costs, attorney fees, and expenses.

considered responsive, one from Aeroplate and another from Randolph. Compl. ¶ 6.

On September 19, 2006, after USDA held discussions with Aeroplate and Randolph, Randolph was awarded the Lava Lands remodeling contract. Id. Aeroplate received the notice of award on September 25, 2006 and requested an agency debriefing. On October 4, 2006, the agency issued Aeroplate a written debriefing letter and, thereafter, on October 20, 2006, Aeroplate signaled its intent to file a bid protest in this Court. Compl. ¶ 1.

On October 25, 2006, UDSA decided to: (1) suspend all work upon the contract; (2) cancel the agency's award decision; and (3) terminate Randolph's contract for the convenience of the Government. Accordingly, the agency promptly issued Randolph a suspension of work order and terminated the contract for the convenience of the Government. App. 1-4.[2] On October 27, 2006, Aeroplate filed its complaint.

**ARGUMENT**

The Court should dismiss this protest for lack of subject matter jurisdiction because USDA has terminated the contract awarded to Randolph and because Aeroplate's protest is now moot. The Administrative Dispute Resolution Act of 1996 ("ADRA") granted this Court "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal

[2] "App." refers to the appendix attached to this brief.

agency for bids or proposals for a proposed contract or any alleged violation of statute or regulation in connection with a procurement." 28 U.S.C. § 1491(b). As the United States Court of Appeals for the Federal Circuit has held, an "interested party" is an "actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." Am. Fed. of Gov't Employees, AFL-CIO v. United States, 365 F.3d 1294, 1302 (Fed. Cir. 2001) (citing 31 U.S.C. § 3551(2)) ("AFGE").

The Court does not possess jurisdiction to rule upon this protest pursuant to the ADRA because the contract award decision protested by Aeroplate is now a nullity, and there is no longer an existing solicitation upon which an "interested party" could object. Moreover, Aeroplate does not have standing as an "interested party" to object to the cancelled award decision because it no longer falls within the definition of a "prospective bidder whose direct economic interest would be affected by the award of the contract or by failure to award the contract." AFGE, 365 F.3d at 1302. Because the Court no longer possesses jurisdiction of this action pursuant to the ADRA, the Court should dismiss the protest for lack of subject matter jurisdiction.

It is well-established that justiciability, including mootness, is a question of subject matter jurisdiction. CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 556 (2000)

(citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). "The mootness doctrine originates from the 'case or controversy' requirement of Article III of the United States Constitution." CCL Service Corp. v. United States, 43 Fed. Cl. 680, 688 (1999) (citing Northrop Corp. v. United States, 27 Fed. Cl. 795, 800 n. 4 (1993)). Although the jurisdiction of this Court, as an Article I court, is not limited by the "cases and controversy" requirement of Article III, the doctrine of mootness has been adopted by this Court and other Article I courts upon prudential grounds. See, e.g., CW Gov't Travel, 46 Fed. Cl. at 558 (citing Zevalkink v. Brown, 102 F.3d 1236, 1243 (Fed. Cir. 1996)).

The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). "[J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur, and, (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Davis, 440 U.S. at 631 (citations omitted).

Additionally, as the Court has previously noted, the Court of Federal Claims does not have "authority to select a contractor or order award of the contract to a protestor, but only to stay

award or order a new solicitation." CW Gov't Travel, 46 Fed. Cl. at 558 (citing Parcel 49C Ltd. Partnership v. United States, 31 F.3d 1147, 1153 (Fed. Cir. 1994) & CACI, Inc.-Fed. v. United States, 719 F.2d 1567, 1575 (Fed. Cir. 1983)). Indeed, the Court's jurisdiction is limited to determining whether an agency's procurement action is arbitrary and capricious, and affording the protestor limited injunctive relief in the form of a stay or cancellation of the solicitation. In granting the Court powers to grant equitable relief in bid protests, Congress was careful to "emphasize[] the limits of the role the court should play in the procurement process – leaving the choice of contractor up to the Government." Parcel 49C Limited Partnership v. United States, 31 F.3d 1147, 1153 (Fed. Cir. 1994) (citing to S. Rep. No. 97-275, 97th Cong., 2d Sess. 23 (1981), reprinted in 1982 U.S.C.C.A.N. 11, 33). This Court has "reiterated that equitable powers 'should be exercised in a way which best limits judicial interference in contract procurement.'" Parcel 49C, 31 F.3d at 1153 (quoting United States v. John C. Grimberg Co., 703 F.3d 1362, 1372 (Fed. Cir. 1983)). Here, the Court should reject any effort by Aeroplate to have this Court retain jurisdiction to allow the Court to shape the contours of the new solicitation in a manner that would benefit Aeroplate. The complaint should be dismissed in its entirety.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction because the protest is now moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Kent G. Huntington
KENT G. HUNTINGTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-9369
Facsimile: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:
MARK GARRETT
Department of Agriculture
Office of the General Counsel
1400 Independence Avenue, SW
Ronald Reagan Building
Room 3311-South
1300 Pennsylvania Ave., NW
Washington, DC 20250
Telephone: (202) 720-9183

November 9, 2006

CERTIFICATE OF FILING

I hereby certify that on November 9, 2006, a copy of foregoing “DEFENDANT'S NOTICE OF CONTRACT TERMINATION AND MOTION TO DISMISS” and the attached “APPENDIX” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kent G. Huntington