# In the United States Court of Federal Claims

No. 06-733 C
(Filed December 18, 2006)
**UNPUBLISHED**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| | * | |
| AEROPLATE CORP., | * | Bid Protest; Cancellation of |
| | * | Award by Termination for |
| *Plaintiff,* | * | Convenience; Mootness. |
| | * | |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| *Defendant.* | * | |
| * * * * * * * * * * * * * * | * | |

*William L. Bruckner*, San Diego, CA, for plaintiff.

*Kent G. Huntington*, United States Department of Justice, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, *Kathryn A. Bleecker*, Assistant Director, Washington, D.C., for defendant. *Mark Garrett*, United States Department of Agriculture, Washington, D.C., of counsel.

---

## ORDER

---

**Bush**, *Judge*

Aeroplate Corp. (Aeroplate) filed its post-award bid protest complaint on October 27, 2006, along with a request for a temporary restraining order, concerning Contract No. AG-04GG-C-06-0043 (the contract), for remodeling and construction at the Lava Lands Visitor Center in the Deschutes National Forest in Oregon. Defendant filed a motion to dismiss this protest on November 9, 2006,

which plaintiff does not oppose as long as the dismissal is without prejudice. Oral argument is deemed unnecessary.

Defendant suspended work on the contract as of the close of business, October 27, 2006, "[a]s the result of a pending Bid Protest." Def.'s Mot. App. at 1. Defendant then terminated the awarded contract on October 30, 2006, effective October 31, 2006. *Id.* at 2. The termination notice stated that the contract was "terminated **completely** for the Government's convenience." *Id.* Because the protested contract has been terminated, plaintiff's protest and its motion for a temporary restraining order are now moot. *See, e.g.*, *S.K.J. & Assocs., Inc. v. United States*, 67 Fed. Cl. 218, 229 (2005); *see also Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1019 (Fed. Cir. 2005) ("A case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).

When a bid protest is moot, it is proper to dismiss the protest for lack of jurisdiction. *See, e.g.*, *S.K.J. & Associates*, 67 Fed. Cl. at 230. "[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) (citations omitted). Therefore, the subject matter is dismissed without prejudice.

Accordingly, it is **ORDERED** that

(1) Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction, filed October 27, 2006, is **DENIED** as moot;

(2) Defendant's Motion to Dismiss, filed November 9, 2006, is **GRANTED**;

(3) The Clerk's office is directed to **ENTER** judgment dismissing the complaint without prejudice; and

(4) No costs.

/s/ Lynn J. Bush
LYNN J. BUSH
Judge